**Alessandro CECCONI, Plaintiff,**

v.

**CECCO, INC., Beppe, Inc., and Marcene's, Inc., Defendants.**

Civ. A. No. 89–1628–C.

United States District Court,
D. Massachusetts.

June 12, 1990.

Mark J. Coltin, Robert M. Mendillo, Weiss, Angoff, Coltin, Koski & Wolf, P.C., Boston, Mass., for plaintiff.

Gregory C. Howard, Gregory C. Howard, P.C., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the plaintiff's motion to dismiss the defendants' counterclaim. The plaintiff, Alessandro Cecconi, has brought this action for payment and interest on two promissory demand notes executed by the defendant corporations, Cecco, Inc. ("Cecco"), Beppe, Inc. ("Beppe"), and Marcene's, Inc. ("Marcene's). The defendant has counterclaimed for violation of Mass.Gen.L. ch. 156B, § 62 and for breach of fiduciary duty. For the

reasons stated below, the motion to dismiss the counterclaim should be denied.

## I.

For the purpose of this motion, the facts as alleged in the counterclaim are accepted as true. Cecco, Beppe, and Marcene's are corporations with principal places of business in Boston, Massachusetts. Since sometime in 1983 and 1984, the defendants have operated "Benetton" clothing stores in Boston and Cambridge, Massachusetts. At all times relevant to this case, the plaintiff, Cecconi, was a corporate officer and director of Cecco, Beppe, and Marcene's. During the same time, Cecconi was also a direct or beneficial shareholder of interests in Cecco, Beppe, and Marcene's ranging from 49 to 51 percent.

In 1985, Cecconi formed two corporations to operate new "Benetton" clothing stores in the Boston area. Cecconi created Donabbondio, Inc. ("Donabbondio") to open a store in the Arsenal Mall in Watertown, Massachusetts. Cecconi also created Eleonora, Inc. ("Eleonora") to open a store in Newton, Massachusetts. Cecconi was the president, treasurer, and sole stockholder of Donabbondio and Eleonora.

From 1985 to 1987, according to the counterclaim, Cecconi "caused Cecco, Marcene's, and Beppe to transfer assets belonging to them to his wholly-owned companies Donabbondio and Eleonora." As alleged in the counterclaim, Cecconi transferred inventory valued at $56,867 to the two new companies and also caused Cecco, Beppe, and Marcene's to pay certain obligations amounting to $49,810 on behalf of the two new companies. These transfers of assets were recorded in an intercompany account, and, allegedly, "Donabbondio and Eleonora have never paid the amounts owed per the balance in the intercompany account."

In 1985, Cecconi also formed a new corporation called Nassi, Inc. ("Nassi"). Nassi handled the common overhead expenses of advertising, supplies, bookkeeping, insurance, and telephone expenses for the different "Benetton" stores. According to the counterclaim, Cecconi caused Nassi to provide overhead expenses to Donabbondio and Eleonora without reimbursement. As alleged, the allocable share of overhead expenses owed to Cecco, Beppe, and Marcene's is approximately $150,000.

Finally, as alleged in the counterclaim, Cecconi sold all the assets and inventory of the Watertown and Newton "Benetton" stores to a third party leaving Donabbondio and Eleonora insolvent.

Based on these allegations, the defendant corporations claimed that "Cecconi is liable under M.G.L. c. 156B § 62 for the amounts owed to Cecco, Marcene's, and Beppe by Donabbondio, Eleonora, and himself." Further, the defendant corporations alleged that "Cecconi's appropriation of the assets of Cecco, Marcene's, and Beppe for his personal benefit breached his fiduciary duty to Cecco, Marcene's, and Beppe."

## II.

The plaintiff Cecconi has moved to dismiss the counterclaim arguing that it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In deciding this motion, the Court must accept the factual allegations set forth in the counterclaim as true and must draw all reasonable inferences in favor of the defendants Cecco, Beppe, and Marcene's. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52–53 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). Further, the counterclaim should not be dismissed unless it appears beyond doubt that the defendants Cecco, Beppe, and Marcene's can prove no set of facts which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Dartmouth Review*, 889 F.2d at 16. In light of these standards, this Court shall turn to the allegations in the counterclaim.

The defendant corporations assert essentially two counts in their counterclaim. First, the counterclaim alleges that the plaintiff Cecconi violated Mass.Gen.L. ch. 156B, § 62. Second, the counterclaim avers that Cecconi breached his fiduciary duty to the defendant corporations. This Court shall discuss each count in turn.

## A. Mass.Gen.L. ch. 156B, § 62

Under Massachusetts law, all corporate directors and officers are jointly and severally liable for unpaid loans to insiders,[1] unless the loan is properly approved by the corporation. Mass.Gen.L. ch. 156B, § 62. In relevant part, Mass.Gen.L. ch. 156B, § 62 provides:

> The directors who vote for, and the officers who knowingly participate in, any loan of assets of a corporation to any of its officers or directors shall be jointly and severally liable to the corporation for any portion of such loan which is not repaid unless a majority of the directors [who are not recipients of the loan] or a majority of the shares entitled to vote for directors [which holders are not recipients of the loan] shall have approved or ratified the making of such loan as one which in the judgment of such directors or such holders may reasonably be expected to benefit the corporation.

Mass.Gen.L. ch. 156B, § 62. Thus, to state a claim in this case, the counterclaim must allege that Cecconi, as a director or officer of Cecco, Beppe, or Marcene's, voted for or knowingly participated in a loan of corporate assets to any of the directors or officers of the defendant corporations including himself.

The plaintiff Cecconi urges dismissal claiming that the counterclaim has failed to satisfy the statutory elements of Mass. Gen.L. ch. 156B, § 62. Cecconi argues *in seriatim* that: (1) the counterclaim says nothing about a "loan," (2) the counterclaim does not allege that Cecconi voted for or knowingly participated any loan, and (3) the counterclaim does not assert that Cecconi personally received any loan. Further, Cecconi argues that the defendants have not alleged that the directors or shareholders of Cecco, Beppe, and Marcene's failed to ratify any alleged loan. Upon review, however, Cecconi's arguments do not support dismissal at this time.

■ First, the counterclaim asserts facts which, read fairly, sufficiently allege a "loan of assets" for the purpose of Mass. Gen.L. ch. 156B, § 62. According to the counterclaim, Cecconi "caused" the defendant corporations to pay certain obligations on behalf of Donabbondio and Eleonora. Further, as alleged, Cecconi "transferred" inventory from the defendant corporations to Donabbondio and Eleonora. In both cases, the transactions were recorded in intercompany accounts and the counterclaim alleges that the defendant corporations were "never paid" the "amounts owed." Drawing all inferences in favor of the defendant corporations, the alleged transactions appear to have involved an agreement to repay the defendant corporations for their contributions of assets to Donabbondio and Eleonora. Such transactions, if properly supported by further evidence, may well constitute loan arrangements between the various corporate entities. Consequently, the counterclaim sufficiently alleges a "loan of assets" under Mass.Gen.L. ch. 156B, § 62.

■ Second, the counterclaim avers that Cecconi, as a director and officer, participated in the alleged loan of assets. The counterclaim alleges that Cecconi was an officer, director, and a major shareholder in each of the defendant corporations. Further, the counterclaim asserts that Cecconi "caused Cecco, Marcene's, and Beppe to transfer assets to [Cecconi's] wholly-owned companies." This language, read fairly, is sufficient to satisfy the element of knowing participation in the loan of assets for the purpose of Mass.Gen.L. ch. 156B, § 62.

■ Third, the counterclaim asserts that Cecconi caused the loan of assets to benefit himself and his wholly-owned companies. The counterclaim alleges that Cecconi is the president, treasurer, and sole owner of all stock in Donabbondio and Eleonora. As alleged, obligations were paid on behalf of Donabbondio and Eleonora, and inventory assets were transferred to Donabbondio and Eleonora. The statute creates joint and several liability for "any loan of assets

---

1. For the purpose of clarity, the term "insider", as used in this memorandum, only refers to officers and directors of a corporation.

of a corporation to any of its officers or directors." Mass.Gen.L. ch. 156B, § 62. Clearly, Cecconi, as an officer and director of the defendant corporations, benefited personally by the loan of assets to Donabbondio and Eleonora. In this context, the statute should not be read so narrowly as to exclude loans made to corporations solely-owned and controlled by corporate insiders. Further, the counterclaim specifically alleges that Cecconi "himself" is liable for the loans of assets. Consequently, by alleging payment to Cecconi as an insider, the counterclaim satisfies the element of a loan to "any of its officers or directors" under Mass.Gen.L. ch. 156B, § 62.

█ Finally, the counterclaim does not allege on its face that the defendant corporations failed to ratify or approve the loan of assets. The defendant corporations argue that this element is only a statutory defense and it need not be affirmatively plead in the counterclaim. Alternatively, the defendant corporations request that this Court should allow them leave to amend their pleadings with regard this element. Without deciding the defendants' initial argument, this Court recognizes that "leave [to amend pleadings] shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). In this case, the counterclaim clearly places Cecconi on notice of the statutory claim under Mass.Gen.L. ch. 156B, § 62. Thus, this Court shall allow the defendant corporations 30 days to amend their counterclaim regarding the lack of proper ratification or approval.[2]

In sum, for all the reasons stated above, the counterclaim for violation of Mass. Gen.L. ch. 156B, § 62 should not be dismissed, and, as indicated above, the defendant corporations shall be allowed 30 days to amend their counterclaim.

**B. Breach of Fiduciary Duty**

█ Under Massachusetts law, it is a "basic principle" that officers and directors owe a fiduciary duty to protect the interests of the corporation. *Robinson v.* *Watts Detective Agency, Inc.,* 685 F.2d 729, 736 (1st Cir.1982) (applying Massachusetts law). *See also Jessie v. Boynton,* 372 Mass. 293, 304, 361 N.E.2d 1267 (1977); *Production Machine Co. v. Howe,* 327 Mass. 372, 377, 99 N.E.2d 32 (1951). Further, in closely-held corporations, shareholders owe each other a duty of "utmost good faith and loyalty." *Leader v. Hycor, Inc.,* 395 Mass. 215, 222, 479 N.E.2d 173 (1985); *Donahue v. Rodd Electrotype Co. of New England, Inc.,* 367 Mass. 578, 593, 328 N.E.2d 505 (1975). Thus, in this case, the counterclaim must allege that Cecconi, as an officer, director, or shareholder in a closely-held corporation, breached his fiduciary duty to protect the interests of the defendant corporations.

The plaintiff Cecconi does not specifically attack this count of the counterclaim in his moving papers. Nonetheless, Cecconi appears to seek dismissal of the entire counterclaim. Thus, this Court shall briefly address the breach of fiduciary duty count in the counterclaim.

█ As alleged in the counterclaim, Cecconi was an officer, director, and a major shareholder in the three defendant corporations. Further, the counterclaim specifically alleges that Cecconi "caused" certain assets to be transferred from Cecco, Beppe, and Marcene's to two personally-owned corporations without any reimbursement. Also, the counterclaim alleges that Cecco took advantage of the overhead services provided by Cecco, Beppe, and Marcene's to his personal benefit. These facts, as alleged in the counterclaim, are sufficient to state a claim for breach of fiduciary duty.

For all the reasons stated above, the motion to dismiss the counterclaim for breach of fiduciary duty should be denied.

**ORDER**

In accordance with the memorandum filed on this date, it is hereby ORDERED:

---

**2.** This Court also recognizes that no deadline for amendment of pleadings was ever set in this case.

1. Defendants Cecco, Inc., Beppe, Inc., and Marcene's, Inc. shall have 30 days to amend their counterclaim for violation of Mass.Gen.L. ch. 156B, § 62.

2. Plaintiff's motion to dismiss the defendants' counterclaim for breach of fiduciary duty is denied.